UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| B.R. and J.R., as parents and guardians for, and their son, G.R.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>PROSSER SCHOOL DISTRICT NO. 116, a Washington municipal corporation,<br><br>　　　　Defendant. | NO. CV-08-5025-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, IN PART** |

Before the Court is Defendant's Motion to Dismiss (Ct. Rec. 33). The motion was heard without oral argument.

Defendant moves to dismiss the above-captioned action, asserting that the Court lacks jurisdiction because Plaintiffs' complaint is barred by the Individuals with Disabilities Act (IDEA) 90-day statute of limitations.

## BACKGROUND FACTS

Plaintiffs are challenging an Administrative Law Judge's decision regarding the placement of their son, G.R., for the school year 2007-2008. G.R. has been diagnosed with Asperger's Syndrome/Autism Spectrum Disorder and ADD/ADHD.

From July, 2006 to June, 2007, Plaintiffs placed G.R. in Woods, a private

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, IN PART** ~ 1

residential treatment facility located in Pennsylvania.[1]  Plaintiffs were unable to afford the tuition at Woods for the 2007-2008 school year, so G.R. was educated in the Prosser School District.

The instant case involves the 2007-2008 school year.  Plaintiffs sought placement of G.R. at the Woods, at public expense.  A hearing was held in January, 2008.  On January 30, 2008, the ALJ issued a decision denying the parents' claims.  On January 30, 2008, the ALJ issued a decision denying the parents' claims.  Plaintiffs filed this lawsuit on April 28, 2008.

After filing the complaint, Plaintiffs moved the Court to open the administrative record and consider additional evidence that was later discovered.  After a hearing on the motion, the parties agreed that the proper course of action would be to remand the case back to the Administrative Law judge so he could consider the new evidence and thereafter issue a ruling.

The ALJ issued his final decision on July 15, 2009.  On October 14, 2009, Plaintiffs filed a Petition for Judicial Review and Complaint under the IDEA (Ct. Rec. 31).  There was some confusion regarding whether Plaintiffs were required to pay another filing fee.  Plaintiffs also filed a Motion to Reopen, which the Court granted (Ct. Rec. 32).

The ALJ found that the behavior logs of March 22, 2006 through May 31, 2006 were of marginal relevance, not material, cumulative, and provided no qualitative difference from the behavior logs.  Ultimately, the ALJ found that the log did not change the outcome of the case.

## ANALYSIS

Under the IDEA, "[t]he party bringing the action shall have 90 days from the

---

[1] Woods Service, Inc. is a non-public academic and residential placement program for students with autistic spectrum disorders, located in Langhorne, Pennsylvania.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, IN PART ~ 2**

date of the decision of the hearing officer to bring such an action, or if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows." 20 U.S.C. § 1415(i)(2)(B). Washington State has adopted the federal time limitation. *See* Wash. Adm. Code § 392-172A-05115(2).

Plaintiffs take the position that their October 14, 2009 filing was timely. The Court disagrees. The Court computes the expiration of the statute of limitations on October 13, 2009. The ALJ issued his final decision on July 15, 2009. Ninety days from July 16, 2009 falls on October 13, 2009.

The Ninth Circuit has not ruled whether the statute of limitations in the IDEA is jurisdiction, or whether it is subject to equitable tolling.[2] In *Wall Tp. Bd. of Educ. v. C.M.*, 534 F.Supp.2d 487 (D.N.J. 2008), the district court ruled that the 90-day time limit was not jurisdiction, rather it was subject to waiver, estoppel, and

---

[2]Prior to 2004, the IDEA had no statute of limitations, so courts generally borrowed the state's statute of limitations from the Washington Administrative Procedures Act. *See S.J. v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1289 (9th Cir. 2006). In that case, the Circuit held that "[u]nder federal law, however, the failure to meet a state's borrowed statute of limitation is not jurisdictional in IDEA actions." *Id.* at 1290.

In 2004, the IDEA was amended to provide a limitations period of 90 days, unless a state adopts a limitations period explicitly applicable to the IDEA claim, in which case that period applies. The Seventh Circuit reviewed the amendment and concluded that "timely filing may be a condition to success, but it is not a jurisdictional requirement in federal court." *Farzana v. Ind. Dep't of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007).

In *JG v. Douglas County Sch. Dist.*, 552 F.3d 786 (9th Cir. 2008), the Circuit recognized that there is some question regarding whether the IDEA exhaustion requirement is jurisdiction, but did not answer the question in that case.

**ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS, IN PART ~ 3**

equitable tolling. The district court reasoned that time prescriptions created by state laws cannot be jurisdictional because only Congress may determine a lower federal court's subject-matter jurisdiction. By permitting the states to set the time limit, Congress intended § 1415(i)(2)(B) to be subject to waiver, estoppel and equitable tolling.

Here, the Court adopts the reasoning of the district court and finds that the IDEA exhaustion requirement is not jurisdictional. Even so, Plaintiffs have failed to establish that equitable tolling should be applied to excuse the late filing.

Even so, the Court does not find that it is appropriate to dismiss the entire case. The Court has not yet addressed the underlying appeal that was filed on January 20, 2009. The remand back to the ALJ was limited in scope. The ALJ was asked to determine whether the record should be opened to include the missing logs. He decided that it should not, and it is the appeal of this decision that is barred by the statute of limitations.

Plaintiffs timely filed their appeal of the ALJ's January 30, 2008 appeal and the interest of justice is served by the Court hearing this appeal.[3]

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss (Ct. Rec. 33) is **GRANTED**, in part. The Court **strikes** the Amended Complaint (Ct. Rec. 31).

2. Within 10 days from the date of this order, the parties are directed to meet and confer and present the Court with a Joint Briefing Schedule.

///

///

---

[3] It is true that the Court closed the file on January 20, 2009. The decision to do so was for court record management purposes and was not reached after input from the parties.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, IN PART ~ 4**

1 | **IT IS SO ORDERED.**  The District Court Executive is directed to enter this
2 | Order and forward copies to counsel.
3 | **DATED** this 26th day of February, 2010.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2008\B.R and J.R\grant,wpd.wpd

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS, IN PART ~ 5**